1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **CHRISTY BAUDE,** | § | |
| | § | |
| Plaintiff**,** | § | **Civil Action No.** |
| | § | |
| **v.** | § | |
| | § | <u>**Jury Trial Demanded**</u> |
| **CENTRAL** | § | |
| **PORTFOLIO CONTROL,** | § | |
| | § | |
| Defendant**.** | § | |

<u>**COMPLAINT**</u>

CHRISTY  BAUDE  ("Plaintiff"),  by  her  attorneys,  KIMMEL  &
SILVERMAN,  P.C.,  alleges  the  following  against  CENTRAL  PORTFOLIO
CONTROL ("Defendant"):

### INTRODUCTION

1.   Plaintiff's Complaint is based on the Fair Debt Collection Practices
Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Texas Debt Collections Practices
Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA") and the Telephone
Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the Commonwealth of Texas, and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

### PARTIES

5.      Plaintiff is a natural person residing in Fort Worth, Texas 76105.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Plaintiff is a "person" is that term is defined by 47 U.S.C. § 153(39).

9.      Defendant is a corporation with its corporate headquarters located at 10249 Yellow Circle Drive, Suite 200, Minnetonka, Minnesota 55343.

10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C.

§1692 a(6), and sought to collect a debt from Plaintiff.

11.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

13.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14.     Plaintiff has a cellular telephone.

15.     Plaintiff has only used this phone as a cellular telephone.

16.     Upon information and belief, Defendant has been calling Plaintiff regarding a personal debt that was incurred for personal, family or household purposes.

17.     Plaintiff does not have any business debts, so the debt that Defendant has been calling her about could only have been a personal debt.

18.     Beginning in or around January 2016 and continuing thereafter, Defendant's collectors repeatedly and continuously placed calls to Plaintiff's cellular telephone number, calling Plaintiff multiple times per day regarding two

- 3 -

unknown third parties named Michelle and Brendan Durbin.

19.     Defendant placed calls from telephone numbers including, but not limited to (210) 764-4843. The undersigned has confirmed that this phone number belongs to the Defendant.

20.     During this time, Defendant placed calls to Plaintiff using an automated dialing system and/or prerecorded voice.

21.     Plaintiff knew Defendant was using an automated dialing system and/or prerecorded voice because calls would begin with a recording.

22.     Plaintiff spoke to Defendant when the calls began and informed Defendant they were calling a wrong number and to stop calling her.

23.     Defendant heard and acknowledged Plaintiff's request to stop calling by responding that they would "take the number off the list."

24.     Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls nor was there any good faith reason to place calls.

25.     Further, any additional calls placed to Plaintiff could only have been for the purpose of harassment.

26.     However, Defendant failed to restrict calls to Plaintiff's cellular telephone and continued to call her despite Plaintiff's request for calls to stop and indication Defendant was calling the wrong party.

27.    After Plaintiff's repeated requests to stop these calls were ignored by Defendant, she downloaded a blocking application to her cellular telephone in order to stop the calls.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

28.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

30.    Defendant violated §§1692d and d(5) when it called Plaintiff repeatedly regarding two unknown third parties and continued to call despite Plaintiff's indication they were calling the wrong party and request to stop.

## COUNT II
## DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA

36.    A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

37.   Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's cellular telephone to ring repeatedly or continuously with the intent of annoying and harassing her, as it called Plaintiff multiple times each day even after Plaintiff told Defendant that they were calling an incorrect number and to stop calling her.

## COUNT III
## <u>DEFENDANT VIOLATED THE TCPA</u>

38.   Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

39.   Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation

40.   Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

41.   Despite the fact that Plaintiff never consented to Defendant placing calls to him, and Plaintiff having revoked any prior consent Defendant had been provided, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

42.    Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

43.    Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTY BAUDE, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

d.  All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f.  Treble damages of $1,500.00 per violative telephone call

pursuant   to 47 U.S.C. §227(b)(3);

g.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

h.  Any other relief deemed appropriate by this Honorable Court.


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHRISTY BAUDE, demands a jury trial in this case.


DATED: December 9, 2016          KIMMEL & SILVERMAN, P.C.
                                 By:   /s/Amy L. B. Ginsburg
                                 Amy L. B. Ginsburg
                                 Attorney for Plaintiff
                                 Kimmel & Silverman, P.C.
                                 30 E. Butler Pike
                                 Ambler, PA 19002
                                 Phone: (215) 540-8888
                                 Fax: (877) 788-2864
                                 Email: aginsburg@creditlaw.com